IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John David Leatherwood a/k/a Nico Coty Toscani, | Civil Action No.: 2:10-cv-00048-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Director Jon Ozmint, SCDC; USC Dept. Of Neurosurgery, Dr. Raymond Sweet; SCDC Health Care Service, John Solomon, in his Capacity, | |
| Defendants. | |

This matter is before the Court upon Plaintiff's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Robert S. Carr.[1] In the R&R, the Magistrate Judge recommends that the Court grant the Defendants' motions for summary judgment [Docket #s 67 & 76]. Based on the following, the Court grants the Defendants' motions for summary judgment.

## Factual Background & Procedural History

This case was initiated on January 8, 2010, when the Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging that the Defendants were deliberately indifferent to his medical needs. In his Amended Complaint, the Plaintiff alleges that, based on the findings on his MRI dated April 22, 2008, Defendant Raymond Sweet ("Dr. Sweet") should have recommended surgery to fix his back problems and stop his chronic pain. The Plaintiff further alleges that since Dr. Sweet saw and evaluated the Plaintiff on May 1, 2008, and because he did not perform

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling.

surgery, the Plaintiff has had loss of bladder control and has been diagnosed by an urologist with a neurogenic bladder and incontinence due to spinal nerve damage. The Plaintiff alleges that Defendant Jon Ozmint "is the Director of the State of South Carolina Dept. of Corrections." *See Amended Complaint,* ¶ 4. Further, he alleges that Defendant Ozmint "is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Ridgeland Correctional Institution." *Id.* Similarly, the Plaintiff alleges that Defendant John Solomon is "the Director for Health Care Services and [is] legally responsible for operation of all medical services in SCDC and those under him at each institution, also for Policy HS-18.15 Title: Levels of Care; Policy Statement and it's guidelines for care of inmates through medical services." *Id.* at ¶ 5. The Plaintiff is seeking back surgery, chronic pain management, repayment of out-of-pocket expenses debited to his Cooper Trust Account, and monetary compensation for pain and suffering. *Id.*

On August 13, 2010, Dr. Sweet filed a Motion for Summary Judgment [Docket # 67]. On August 19, 2010, Defendants John Ozmint and John Solomon filed a Motion for Summary Judgment [Docket # 76]. The Plaintiff filed a response in opposition to each motion, respectively, on September 14, 2010, and September 28, 2010. All parties filed copies of the Plaintiff's medical records and their own affidavits. The Magistrate Judge issued an R&R on October 8, 2010, in which he recommends that the Court grant the Defendants' motions for summary judgment. On October 25, 2010, the Plaintiff filed timely objections to the R&R. This matter is ripe for review.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo*

determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

It appears the Plaintiff objects to the Magistrate Judge's finding that there is no genuine issue of material fact and argues that Dr. Sweet was deliberately indifferent to his health or safety. In his objections, the Plaintiff states: "Defendants own answers to Request for admissions and Plaintiff's medical records show proof of genuine issues of material facts. . . . Defendants own admission on # 4 'disc bulging onto root nerve S1 causing severe pain to Plaintiff and would only get worse if not surgically repaired.'" *Objections,* p. 2. However, this language is from the Plaintiff's fourth **request** to admit. Dr. Sweet actually admitted that he

> examined Plaintiff on May 1, 2008, for a complaint of "low back pain which he has been having for a few years" and noted the MRI showed "slight disc bulge at L5-S1, right, and central bulging." Dr. Sweet's impression was "lumbar spondylosis" and "no evidence of radiculopathy." His plan was that "no surgery is indicated, and chronic pain management is indicated, and I will return him to the prison system."

*Docket Entry* # 86-2, ¶ 4. Dr. Sweet's May 1, 2008, Consultation Report verifies his admission and reflects that he found "[n]o evidence of radiculopathy" and opined that "no surgery is

3

indicated, and chronic pain management is indicated." *See Docket Entry # 67-3, p. 4.* The fallacy in the Plaintiff's objection is that he believes "[t]he failure to correct the cause of pain was below a standard of decency and to allow the Plaintiff to continue to live in severe pain was deliberately indifferent to Plaintiff's serious medical needs." *Objections,* p. 3. However, a § 1983 claim is not stated by disagreements between an inmate and a physician over treatment, diagnosis, or other questions of medical judgment. *See Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975). The United States Constitution requires that prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice. *Jackson v. Fair,* 846 F.2d 811, 817 (1st Cir. 1988); *see Russell,* 528 F.2d at 318 (stating that "[p]risoners are entitled to reasonable medical care . . . . However, mistreatment or non-treatment must be capable of characterization as 'cruel and unusual punishment' in order to present a colorable claim under § 1983"). The mere failure to treat all medical problems to a prisoner's satisfaction, even if actual medical malpractice is involved, is insufficient to support a claim under § 1983. *Sosebee v. Murphy,* 797 F.2d 179, 181 (4th Cir. 1986) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976))).

In the instant matter, Dr. Sweet examined the Plaintiff and reviewed the Plaintiff's MRI. Dr. Sweet diagnosed the Plaintiff with lumbar spondylosis with <u>no evidence of radiculopathy</u>; as such, he determined that the Plaintiff did not need surgery and recommended chronic pain management instead of surgery. The Plaintiff has argued that he needs surgery and has submitted medical literature, which the Magistrate Judge did not consider and which the Plaintiff claims supports his claim of deliberate indifference and desire for surgery. However, even considering

this literature, his claim is essentially one of a disagreement with the treatment plan determined by Dr. Sweet. As such, the Court cannot find that a genuine issue of material fact exists as to whether Dr. Sweet's treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). Considering the facts alleged in the light most favorable to the Plaintiff, the Plaintiff has failed to show that Dr. Sweet violated his clearly established constitutional rights because he has failed to show that Dr. Sweet both knew that the Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *See Farmer v. Brennan,* 511 U.S. 825, 847 (1994). At most, the Plaintiff's complaints about his back and urinary problems involve a disagreement about his diagnosis and treatment, or involve medical negligence. As mentioned above, a § 1983 claim is not stated by disagreements between an inmate and a physician as to treatment or diagnosis,[2] and negligence/medical malpractice is not actionable under §1983. *Daniels v. Williams,* 474 U.S. 327 (1986); *see Grayson v. Peed,* 195 F.3d 692, 695 (4th Cir. 1999) (stating deliberate indifference is a very high standard and a showing of mere negligence will not meet it). As such, there exists no genuine issue of material fact, and the Plaintiff has failed to demonstrate that Dr. Sweet was deliberately indifferent to his health or safety.

The Plaintiff also objects to the Magistrate Judge's finding that respondeat superior does not apply in a § 1983 action. Specifically, the Plaintiff states that: "Constitutional violation is proven and Defendants Solomon and Ozmint are the responsible authorities over Dr. Sweet and SCDC policies." *Objections,* p. 5. "Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition

---

[2] *See, e.g., Russell v. Sheffer,* 528 F.2d 318 (4th Cir. 1975).

that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier,* 896 F.2d at 854 (citing *Slakan v. Porter,* 737 F.2d 368, 372 (4th Cir. 1984)). To establish a deliberate indifference to medical needs claim under § 1983 against non-treating supervisory prison personnel, the Plaintiff must prove: (1) the supervisory defendants failed promptly to provide an inmate with needed medical care, (2) that the supervisory defendants deliberately interfered with the prison doctors' performance, or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations. *See id.* After reviewing the record, the Plaintiff has not shown that Defendant Ozmint and Defendant Solomon were personally involved with any denial or delay of treatment or that they acted with deliberate indifference to the Plaintiff's medical condition. *See, e.g., Grayson,* 195 F.3d at 696 ("[D]eliberate indifference requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"). To the contrary, the record of the Plaintiff's medical treatment clearly reflects that he was promptly referred out of SCDC to the MUSC Department of Neurology for a surgical consultation with Dr. Sweet. As such, the Plaintiff has failed to prove that Defendant Ozmint or Defendant Solomon personally failed to promptly provide medical care, deliberately interfered with the physician's performance, or tacitly authorized any unconstitutional conduct.

Similarly, the Plaintiff objects to the Magistrate Judge's finding that the Defendants are entitled to qualified immunity. *See Objections,* p. 5. It appears that the Plaintiff argues the Defendants should not be entitled to qualified immunity because Dr. Sweet ordered chronic pain management but did not order any type of pain relief and the Plaintiff is dependant on the only care available to him at SCDC, but SCDC does not have pain management. *See id.* at 6. However, to the extent the Defendants are sued in their individual capacities, they are entitled to qualified immunity from suit, which protects them from financial liability. *See Harlow v.*

*Fitzgerald,* 457 U.S. 800, 818 (1982) (holding that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). In *Harlow,* the Court found that "[r]eliance on the objective reasonableness of an official's conduct is measured by reference to clearly established law [at the time the action is taken], and should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." *Id.* Qualified immunity protects governmental officials from "bad guesses in gray areas" and ensures that they are liable only for transgressing bright lines. *Maciarello v. Sumner,* 973 F.2d 295, 298 (4th Cir. 1992). As discussed above, the Plaintiff has failed to offer evidence of a genuine issue of material fact in regards to his claims against the Defendants for deliberate indifference. As such, the Defendants are entitled to qualified immunity with respect to the Plaintiff's claims for monetary damages.

Having thoroughly reviewed the entire record,[3] the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge and finds that summary judgment is appropriate.

---

[3]The Plaintiff also objected to the Magistrate Judge's failing to consider the Plaintiff's numerous unverified exhibits, including copies of articles about care of back pain, since these exhibits do not meet evidentiary standards. However, even considering these exhibits, this case still, at best, comes down to a disagreement over treatment and does not support a constitutional claim of deliberate indifference.

**Conclusion**

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Defendants' motions for summary judgment [Docket #s 67 & 76] are **GRANTED**, and all other motions are denied as moot.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
November 16, 2010